UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDITH C. BRIGGS, Personal Representative for the Estate of Gregory Derringer, Deceased<br><br>　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY et al.,<br><br>　　Defendants. | Civil Action No.  01-1876 (RJL/JMF) |

**MEMORANDUM ORDER**

On February 15, 2005, I ordered Philip Quinn ("Quinn"), a non-party in this case, to "provide plaintiff's counsel with three dates during the months of February and March on which he is available to be deposed in Frederick, Maryland.  After one of the dates has been chosen and a specific location has been identified, Quinn shall appear for his deposition or face contempt of court.  The deposition shall last no longer than four hours." Order, Feb. 15, 2005, at 2.  On March 24, 2005, plaintiff filed Plaintiff's Motion for Show Cause Order ("Mot. for Order") because Quinn had not contacted counsel with his available dates.  Plaintiff sought an order from the court requiring Quinn to show cause why he should not be held in contempt of the court's order.

Although it was not filed with the court, Quinn sent a document entitled Witness' Response and Opposition to Plaintiff's Motion for Show Cause Order and Memorandum of

Points and Authorities ("Opp'n")[1] to plaintiff's counsel. In that document, Quinn represents that he never received the February 15, 2005 Order. Opp'n at 1. He also indicates that he "will attend a deposition on any day at 11:00 a.m. that [plaintiff's counsel] sets in Frederick, Md. . . . The only date henceforth that [he] could not be available is April 5, 2005." Id. at 5.

Given Quinn's representations to the court, it is likely that there was an administrative problem and that Quinn did not receive the February 15, 2005 Order, especially because Quinn is a non-party and there is no court record that the Order was ever mailed to him directly. In addition, in plaintiff's motion, she includes a "Statement of Good Faith Effort" in which she states that Quinn was previously subpoenaed to attend a deposition, and when he did not, plaintiff opposed Quinn's motion to quash, which was ultimately denied by the court. While this is true, all of these things happened *before* the February 15 Order, and it appears that plaintiff made no effort to contact Quinn after the February 15, 2005 Order and before filing the instant motion.

Given Quinn's representations to counsel and the court and his history of promptly responding to counsel's correspondence and motions, the court will follow what it deems to be the most prudent and efficient course of action. Accordingly, it is, hereby, **ORDERED** that Plaintiff's Motion for Show Cause Order is **DENIED**. It is **FURTHER ORDERED** that Quinn attend a deposition in Frederick, Maryland, beginning at 11:00 a.m. and proceeding for four hours, on a day set during the month of April 2005. Plaintiff's counsel is directed to contact Quinn and opposing counsel within 5 days of this Order to set up a mutually convenient date. The court will ensure that copies of the February 15, 2005 Memorandum Opinion, February 15,

---

[1] I will permit this document to be filed.

2005 Order, and this Order are also sent, via regular mail, to Quinn.

    **SO ORDERED.**

                                                                           _____
                                                                           JOHN M. FACCIOLA
                                                                           UNITED STATES MAGISTRATE JUDGE

Dated: